UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE:                                ) | |
| FILER-WILLIAMS, SHIRLEY LEE       ) | Case # 20-10066 |
| ) | Chapter 7 |
| _____Debtor(s)_____     ) | |

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m), (II) SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE, AND (III ) OTHER RELIEF WITH LENDER'S CONSENT (2823 NE 15TH ST GAINESVILLE, FL 32609) (Doc. 46)**

**THIS CASE** came before the Court pursuant to *Chapter 7 Trustee's Motion for Authority to Sell Real Property Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C.§ 363(b),(f, and (m))* (Doc. 46) filed herein by Theresa M Bender, as Trustee (hereinafter "the Trustee"). The Trustee filed her Notice of Intent to Sell under negative notice as set forth in Local Rule 2002-2 (Doc. 49). The Court's scheduled hearing date is included in the Notice. The Secured Creditor, Mr. Cooper, provided its consent to the motion and sale, which was included as an exhibit in the Motion (Doc. 46). As no other interested parties or creditors have filed a response or objection to the sale as set forth in the Motion, or the Notice within the prescribed time period set forth in Local Rule 2002-2, the Court considers the matter unopposed and no hearing is required.

It is ORDERED:

*Trustee's Motion for Authority to Sell Real Property of the Estate Pursuant to 11 U.S.C. § 363(f)* (Doc. 46) is GRANTED for that property located 2823 NE 15TH ST GAINESVILLE, FL 32609 (the "Property") and described as follows:

Lot 25, Carol Estates North, according to the map or plat thereof, as recorded in Plat Book F, Page(s) 76, of the Public Records of Alachua County, Florida.

1. Trustee shall be, and hereby is, authorized to sell the above described property (the "**Property**"), "AS IS, WHERE IS" in its current condition, in the amount of **$95,000.00** from John Alan Mitchell, individual (unrelated third party) (their assigns, or current purchaser) to purchase the undivided interest in the Real Property, free and clear of liens, claims, encumbrances, and interests.

2. Consistent with the CD (formerly "HUD" attached to the Motion), the Trustee shall pay at closing Mr. Cooper (the "**First Secured Creditor**") lien in the approximate amount of $80,922.00 or greater to satisfy its lien and note at closing. In addition, all fees, closing costs, settlement costs, and taxes, including the real estate commission, county taxes, recording, transfer, tax stamps, and preservation costs (includes cleaning services, utilities, locksmith, etc.), Federal Tax Liens, State and/or County Tax Liens, the 2019 real property taxes; any prorated 2020 real property taxes and the real estate commission will be paid at time of closing. Mr. Cooper will release their lien against this Real Property upon payment of their secured claim at time of closing.

3. The proceeds from the sale shall be disbursed in accordance with the settlement statement attached as Exhibit "A" to the Motion, with net proceeds of $7,750.00 to be paid to the Bankruptcy Estate at closing.

4. In the event that the current purchaser withdraws its offer prior to the expiration of the inspection period, or otherwise fails to consummate the sale transaction, this Court authorizes the Trustee to accept any back-up offers submitted during the pendency of this sale prior to closing as long as the sale conforms to this Order.

5. The sale of this estate property is necessary to liquidate the interest of the Estate, and with the proceeds, provide a pro-rata distribution to the remaining allowable claims of this Estate.

6. The sale of the Property was negotiated in good faith and based on the principles of best business judgment. The Purchaser is a good faith purchaser entitled to the protections of Section 363(m).

7. The Trustee has made sufficient allegations and a request in the Motion to waive the 14 day stay requirement of Bankruptcy Rule 6004(h). No objections being raised, the 14-day stay requirement of Rule 6004(h) is lifted immediately upon execution of this Order.

DONE AND ORDERED this day __December 1, 2020__.

_____
KAREN K. SPECIE
United States Bankruptcy Judge

Trustee is directed to serve a copy of this order on interested parties and file a certificate of service within three (3) days of entry of the order.

**Order Prepared by: (Modified in Chambers)**
Theresa M Bender
**Copies provided to:**
Debtor(s)
Debtor(s) Counsel
Theresa M Bender, Trustee
Charles Edwards, Asst. U.S. Trustee
All Parties in Interest